OPINION of the Court, by
Judge LogáN.
This cause stands upon a rehearing on the following entry, to wit:
“ December 13,1782 — Prcttyman Merry enters 3000 acres of land on a treasury warrant, No. &c. on a buffalo road leading from Grant’s station to the lower Blue Licks ; beginning at a small drain that makes yellow clay banks, and runs southwardly across the road near, the dividing ridge between Stoner’s fork andHingstpfl’s:; the survey to be laid off so as to take the above mentioned place near the centre.”
It may here be premised that the road, the dividing ridgé, and the drain, as described in the entry, if considered as uninfluenced by the call for the “ yellow clay banks,” are satisfactorily identified and sufficiently established. Such was the former opinion of this court.
But the principal doubt in this entry arises from the call in relation to yellow banks. Whether that call is considered as descriptive of the branch, or as a locative call giving precision and figure to the claiYn, it is still not free from doubt, from the proof in the cause.
We shall proceed, therefore, to re-examine the effect of this call' — 1st, As descriptive of the branch intended ; and 2dly, as a locative call.
Considered merely as descriptive of the branch, and from what has already been observ ed, it is more with a view to its embarrassing effects, than as giving neces-' sary identity to the branch ; because, that, from the other calls, was sufficiently designated. The attention of an inquirer was necessarily led to the vicinity of the dividing ridge, and there the branch, its course, crossing *142 fhg road, alb tended to arrest further inquiry, and satisfy mind as to the place intended. But it remains to inquire whether that description was so clear and indubitable in itself, as to be free from the influence of fte additionalcall for yellow clay banks, according to the proof befo re us.
Disproved by'several witnesses, that there were yellow clay banks at the crossing of the road upon the branch, \\%ichin other respects best Jiis the calls oftbe entry. But it is also in proof by several others, that such banks are not to be found there ; and that the ground at that place is level, and was of rich black soil covered with cane.
A particular and minute comparison of the weight of evidence on each side, we have not deemed indispensable td a just determination of this cause. Did the entry rest merely upon this description, then such a comparison would become indispensable, and the opposing evidence in the cause would certainly have repelled its location here. ’ . .
In did, however, of this call, other description is given leading with more certainty to the place in question y and when conducted in his inquiries to this place, it is believed an inquirer would, and ought to have been ,sar tlsfted, upon an application of all tbe'cails taken together, that this was the branch intended by the locator.
But had he, notwithstanding the information derivable from the means thus given, still entertained real doubts with respect to the branch, we apprehend he might, without an unusual or unreasonable effort, lone remóved such doubts, by a farther examination, which would have brought into comparison other branches qnd places less applicable to the calls of the entry, and which, it is believed would have been passed as not intended by the locator.
We come next to examine how far this call ought to he regarded as a locative call.. If, as we have supposed, the branch or drain referred to in the entry", is sufficiently pointed out by the description given, this call for “ yellow clay banks,” as a locative call, cannot we apprehend operate to the destruction of the entry.
It is evident that the place referred to as the centre of the clairri, was either the yellow banks mentioned, or the place Where the road crossed the branch. The entry does hot expressly represent those banks to be %t: ¡that, crossing j but it is certainly fairly inferable, that if *143 they were intended as locative, and to give certainty ami precision to the entry, that they were eonliguous-to the road; because the entry calls to lie on the road, and. ho other placéis shown on the branch repugnant to that presumption. But the evidence of such banks being upon that branch) unites upon the same spot the place where the road crossed the branch. This place was the most likely to have attracted the inquiry for clay banks, from the treading and wearing away of the soil.
■Where calls of themselves in an entry are sufficient for the purpose thereby intended, whether as descriptive or locative, an additional call not repugnant thereto relating to the same object, and in other respects not calculated to deceive or mislead, though It should be hut badly identified, will not be deemed fatal, so there is enough apparent from the evidence to shew that á different place w as not probably intended. .
1 In this case the mind is conducted to a branch) or smdll drain crossing the road in a southwardly direction, near the dividing ridge ; and at the point in question, would have rested in its inquiries, only for the “ yellow clay hanks,” which constituted the further object of inquiry. Now, although the proof differs as to the ap7 pearance of such, the other calls seem entitled to some weight in support of the affirmative evidence •, and there, is no other place shown on the branch to repel the presumption in favor of that idea.
’ We can then but conclude that the entry ought to he sustained. . ,
With respect to the mannerofsurveyjng.it, although if admits of room for some difference of opinion, we are inclined to think that adopted by the circuit court is correct; Punning it to the cardinal points, including in the céntre the point where the road crossed the branch.
The decree of the circuit court affirmed with costs.